Citation Nr: 1719230 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 09-12 000 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for Cesarean section scar.

2. Entitlement to service connection for a right wrist disorder.

3. Entitlement to service connection for irritable bowel syndrome with constipation.

4. Entitlement to service connection for anxiety and depression with a sleep disorder and memory loss, to include as secondary to service-connected disabilities.

5. Entitlement to service connection for a left knee disorder, to include as secondary to service-connected disabilities.

6. Entitlement to service connection for a right knee disorder, to include as secondary to service-connected disabilities.

7. Entitlement to service connection for a right ankle disorder, to include as secondary to service-connected disabilities.

8. Entitlement to service connection for a right foot disorder, to include as secondary to service-connected disabilities.

9. Entitlement to service connection for residuals of left wrist sprain.

REPRESENTATION

Veteran represented by: Missouri Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Elizabeth Jamison, Associate Counsel


INTRODUCTION

The Veteran had active service in the United States Navy from February 1992 to December 1999.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

The Board remanded the Veteran's claims in July 2010 to allow for a hearing before a Decision Review Officer (DRO). The hearing was conducted in September 2012. A transcript has not been associated with the claims file. A notation in the claims file and in the January 2014 supplemental statement of the case indicates that the transcript is not available because it was lost or deleted during data transfer to San Diego. The claims were remanded again in April 2014 to afford the Veteran the opportunity for an additional hearing. The Veteran did not respond to inquiry from the RO regarding a new hearing. The matter has now been returned to the Board for adjudication.

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems.

The issues of entitlement to service connection for bilateral knee conditions, right ankle and foot conditions, and a left wrist condition are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The evidence of record reflects that the Veteran has a stable scar as a result of a Cesarean section procedure experienced in service.

2. Complaints, treatment, or diagnosis of a right wrist condition are not shown in service.

3. The Veteran is not diagnosed with irritable bowel syndrome; constipation alone does not constitute a disability or a chronic condition.

4. The Veteran is not diagnosed with anxiety or depression with a sleep disorder or memory loss.


CONCLUSIONS OF LAW

1. The criteria for service connection for a Cesarean section scar are met. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. §§ 3.303 (2016).

2. The criteria for service connection for a right wrist disability are not met. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. §§ 3.303 (2016).

3. The criteria for service connection for irritable bowel syndrome with constipation are not met. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. §§ 3.303 (2016).

4. The criteria for service connection for anxiety and depression with a sleep disorder and memory loss are not met. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. §§ 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016).

The duty to notify has been met by way of a November 2007 and December 2007 letters to the Veteran, sent prior to the issuance of the January 2008 rating decision on appeal. Neither the Veteran, nor her representative, has alleged prejudice with regard to notice. The Federal Court of Appeals has held that "absent extraordinary circumstances...it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran...." See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

VA also has a duty to assist a claimant in the development of a claim. That duty includes assisting the claimant in the procurement of service and other relevant records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In this case, VA fulfilled its duty to assist by obtaining all identified and available evidence needed to substantiate the claims. Specifically, VA has obtained the Veteran's service treatment and personnel records. Post-service VA treatment records have also been obtained, as well as VA examination reports. Lay statements of the Veteran are also associated with the record. 

The Veteran was also afforded VA examinations in conjunction with her claims in February 2008, May 2011, and December 2013. The examination reports are sufficient evidence for deciding the claim; they are adequate as they are based upon consideration of the Veteran's prior medical history and examinations, describe the disabilities in sufficient detail so that the Board's evaluation is a fully informed one, and contain reasoned explanations. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303-04 (2008).

Finally, the AOJ substantially completed the development as directed in the April 2014 remand, thus adjudication may proceed. Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 2 Vet. App. 97, 105 (2008) (finding that only substantial compliance, rather than strict compliance, with the terms of a Board engagement letter requesting a medical opinion is required). The Veteran was afforded the opportunity to appear for a new DRO hearing, but did not respond when contacted by the RO. After a reasonable period for response, the matter has been returned to the Board for adjudication.

In summary, the evidence of record provides sufficient information to adequately evaluate the claims, thus further assistance with the development of evidence is not required, nor is there notice delay or deficiency identified as resulting in any prejudice to the Veteran. 38 U.S.C.A. § 5103A(a)(2); 38 C.F.R. § 3.159(d). The Board finds that VA has fulfilled its duties to notify and assist the Veteran, therefore appellate review may proceed.

II. Analysis

The Board has reviewed all of the evidence in the Veteran's claims file, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss every item of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). The Board will summarize the relevant evidence and focus specifically on what the evidence shows or fails to show as to the claim. When there is an approximate balance of evidence regarding an issue material to the determination of a matter, the benefit of the doubt in resolving the issue shall be given to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. §§ 3.102, 4.3 (2016); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Principles of service connection

Service connection may be granted for a disability resulting from injury suffered or disease contracted in the line of duty or for aggravation of preexisting injury suffered or disease contracted in the line of duty. 38 U.S.C.A. §§ 1110; 38 C.F.R. 
§ 3.303. In addition, service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of, or aggravated by, a service-connected disability. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show that a current disability exists and that the current disability was either proximately caused by or proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439 (1995).

In order to prevail on the issue of entitlement to service connection, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Hickson v. West, 12 Vet. App. 247 (1999). A Veteran seeking service connection must establish the existence of a disability and a connection between service and the disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000). 

The Board has the authority to discount the weight and probity of evidence in light of its own inherent characteristics and its relationship to other evidence. Madden v. Gober, 125 F.3d 1477 (Fed. Cir. 1997). 

Whether lay evidence is competent and sufficient in a particular case is an issue of fact. Lay evidence can be competent and sufficient to establish a diagnosis when (1) a layperson is competent to identify the medical condition (where the condition is simple, for example, a broken leg, but not, for example, a form of cancer), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Cesarean section scar

The Veteran contends that she is entitled to service connection for residuals of a Cesarean section experienced in service.

It is undisputed that the Veteran delivered a child via Cesarean section while in service. Thus, the in-service incurrence element is met. 

The December 2013 VA examination noted that the Veteran had a stable scar resulting from her 1993 Cesarean section. Thus, the current diagnosis element is met.

The December 2013 VA examination report also contains the examiner's opinion that the Veteran's existing scar was at least as likely as not caused by the Cesarean section she underwent in service. In conjunction with the Veteran's lay statements regarding the etiology of her scar, this medical evidence of a nexus satisfies the third element for service connection.

While the Board notes that the medical evidence of record does not show that the Veteran has any current residual symptoms from her Cesarean section scar, the evidence is clear that the Veteran underwent the surgery while in service, resulting in an enduring scar. Thus, with resolution of all reasonable doubt in the Veteran's favor, the Board concludes that service connection for her Cesarean scar is warranted.

Right wrist condition

The Veteran contends that she is entitled to service connection for a right wrist condition. 

Service treatment records are silent to complaints or treatment related to the right wrist. During a separation examination in September 1999, she denied bone, joint, or other deformity. The examiner noted her upper extremities as normal. 

In a December 2007 statement, the Veteran described pain in both wrists. In her April 2009 VA Form 9, she stated broadly that her disabilities were service-related. 

Post-service VA treatment records reflect that the Veteran complained of right wrist pain beginning in approximately 2008. An April 2008 X-ray found no fracture, dislocation, or bony destruction in the right wrist. A small cyst on the third metatarsal head was noted. In May 2008, she underwent a right wrist ganglion cyst excision. 

As discussed above, a finding in support of service connection requires (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. Hickson, 12 Vet. App. at 253; 38 C.F.R. § 3.303.

Here, the Board finds that the in-service element is not met for a right wrist condition. Service treatment records reflect treatment for the left wrist only; the Veteran did not complain of right wrist pain or injury during service. While she reported issues with her left knee and right shoulder in her medical history during a separation examination in September 1999, she denied bone, joint, or other deformity. The examiner noted her upper extremities as normal. 

Absent evidence of an in-service incurrence of a right wrist disease or injury, service connection is not warranted in this case.

Given the evidence of record, the Board finds that the preponderance of the evidence is against a finding of service connection for a right wrist disability. The Veteran's service treatment records contain no instance of complaint or treatment for her right wrist. Her upper extremities were found to be normal upon examination in September 1999. The first complaint of right wrist pain is found in the December 2007 claim. Medical evidence of a right wrist condition is first noted in 2008.

In summary, the record contains no evidence that the Veteran experienced a right wrist condition during service; therefore, the required in-service element is not met. Accordingly, her claim of service connection for right wrist disability must be denied.

Irritable bowel syndrome

The Veteran contends that she is entitled to service connection for irritable bowel syndrome (IBS) and constipation. 

Service treatment records reflect that she complained of constipation in service. She denied stomach or intestinal trouble on an August 1997 Report of Medical History. Upon separation in September 1999, she again denied stomach or intestinal problems, although she indicated frequent indigestion. Constipation was noted; however, the examiner stated that she did well with a high fiber diet. His findings upon examination were negative for constipation; her gastrointestinal system was found to be normal.

In May 2008, VA treatment records reflect that the Veteran reported constipation as a problem over the previous fourteen years. Her treatment provider discussed her diet to address the concern.

In November 2010, VA treatment notes documented a history of chronic constipation with stomach pain. A VA primary care note from April 2012 indicated that the Veteran had a history of constipation, sometimes lasting for two weeks. In February 2013, the Veteran denied blood in her stool and abdominal pain, but admitted to occasional constipation. The physician noted that the Veteran would try Docusate; the importance of exercise for normal bowel movements was discussed.

The December 2013 VA examiner noted the complaints of constipation since 1993. He stated that her bowel movements were dependent upon a daily regimen of cascara and colace. The examiner opined that her gastrointestinal complaints were more than likely incurred in service.

In January 2014, a VA treatment note mentioned constipation and the Veteran's report that she was drinking tea from a local Korean market.

VA treatment records from August 2015 contained an assessment of a history of constipation and noted that the Veteran would try a gluten free diet. During an orthopedic surgery consult in October 2015, the Veteran denied constipation.

In considering the evidence of record and the applicable laws and regulations, the Board concludes that the Veteran is not entitled to service connection for IBS with constipation. 

In all claims for service connection, the threshold requirement is evidence of a currently diagnosed disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000); Brammer v. Derwinski, 3 Vet. App. 223 (1992). The Board acknowledges the documentation of chronic constipation. However, a specific diagnosis of IBS was not rendered by the Veteran's treatment providers. Moreover, upon physical examination in December 2013, a diagnosis of IBS was not noted. 

The Veteran is competent to report the symptoms she attributes to IBS. Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); However, competent testimony is limited to that which the witness has actually observed and is within the realm of her personal knowledge; such knowledge comes to a witness through use of her senses - that which is heard, felt, seen, smelled, or tasted. Layno v. Brown, 6 Vet. App. 465 (1994). While it is within the Veteran's realm of personal knowledge whether she experienced constipation, she has not shown that she possesses the expertise necessary to opine on the complex matter of diagnosing a medical condition such as IBS. See id.

Consequently, the objective findings do not support a diagnosis of IBS. Symptoms alone, such as constipation, without a diagnosed or identifiable underlying malady or condition, do not constitute a disability. Without a pathology to which such symptoms can be attributed, there is no basis upon which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282 (1999).

Based upon the evidence of record, the Board concludes that entitlement to service connection for IBS with constipation cannot be granted. The competent, probative evidence does not show that the Veteran has a current diagnosis of IBS. 

While the Board has carefully reviewed the record in depth, it has been unable to identify a basis upon which service connection for IBS with constipation may be granted. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claims, that doctrine is not applicable. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 57. 

Anxiety and depression with a sleep disorder and memory loss

The Veteran contends that she is entitled to service connection for anxiety and depression with a sleep disorder and short term memory loss, to include as secondary to her service-connected disabilities.

Service treatment records are silent as to treatment or diagnosis for anxiety, depression, and sleep- or memory-related conditions. During her separation examination in September 1999, the Veteran reported excessive worry, frequent trouble sleeping, and short term memory loss. The examiner noted her report of difficulty sleeping and worry due to deployment overseas and pending separation from the service. She denied depression. The examiner further noted her report of sleeping approximately six hours per night. Upon examination, her psychiatric state was found to be normal. 

As part of a healthy living screening in April 2008, the Veteran was screened for depression. A negative result was recorded. The Veteran reported that she was very busy and tired, but nothing debilitating was present. The doctor noted fatigue, suspected due to her busy schedule with school, work, and parenting, as well as unhealthy eating habits.

In July 2008, the Veteran reported anxiety related to an operative procedure. After allowing her to verbalize her fears and have questions answered, the nurse reported a decreased level of anxiety. In December 2008, she reported difficulty sleeping due to tinnitus.

In April 2012, a VA treatment record assessed stress and questionable depression. The Veteran declined medication or further consultation on the issue.

In March 2009, July 2010, August 2011, February 2013, January 2014, and April 2015, depression screenings returned negative results. 

In all claims for service connection, the threshold requirement is evidence of a currently diagnosed disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000); Brammer v. Derwinski, 3 Vet. App. 223 (1992). The Board acknowledges the Veteran's report of worry, trouble sleeping, and short term memory loss upon separation. However, a specific diagnosis of anxiety, depression, or a sleep or memory related condition is not reflected by the evidence of record.

The Veteran has put forth a claim for with anxiety and depression with a sleep disorder and short term memory loss. She is competent to report the symptoms she attributes to this condition. Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). However, competent testimony is limited to that which the witness has actually observed and is within the realm of her personal knowledge. Layno v. Brown, 6 Vet. App. 465 (1994). While it is within the Veteran's realm of personal knowledge whether she experienced symptoms related to anxiety, depression, and loss of sleep or memory, she has not shown that she possesses the expertise necessary to diagnose such complex matters. See id.

Consequently, the objective findings do not support a diagnosis of anxiety or depression with sleep disorder or memory loss. Symptoms alone, such as sleeplessness or worry, without a diagnosed or identifiable underlying malady or condition, do not constitute a disability. Without a pathology to which such symptoms can be attributed, there is no basis upon which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282 (1999).

Based upon the evidence of record, the Board concludes that entitlement to service connection for anxiety or depression with sleep disorder or memory loss cannot be granted. The competent, probative evidence does not show that the Veteran has a current diagnosis of anxiety or depression with sleep disorder or memory loss. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claims, that doctrine is not applicable. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 57. 


ORDER

Entitlement to service connection for a Cesarean scar is granted.

Entitlement to service connection for a right wrist condition is denied.

Entitlement to service connection for a right foot condition is denied.

Entitlement to service connection for irritable bowel syndrome with constipation is denied.

Entitlement to service connection for anxiety and depression with a sleep disorder and memory loss is denied.


REMAND

While the Board regrets the delay, additional development is necessary prior to the adjudication of the Veteran's claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). 

Left and right knee conditions

The Veteran contends that she is entitled to service connection for left and right knee conditions, to include as secondary to her service-connected low back disability.

Service treatment records reflect that the Veteran complained of left knee pain with a duration of three months in August 1994. Condromalacia patellae was ruled out by the doctor; Motrin and physical therapy were recommended. No treatment for the right knee is reflected in the service treatment records. 

Upon separation in September 1999, the Veteran reported swollen or painful joints and a "trick" knee. 

The Veteran underwent a VA examination in December 2013, which revealed a normal range of motion with normal function and strength in her knees. X-rays revealed no abnormalities. The examiner noted the in-service left knee sprain and stated that while the knee X-ray revealed no abnormalities, pain is a known compensatory element of hip arthritis. 

In April 2015, the Veteran was seen for left knee pain. In August 2015, she was seen for follow up of left knee cap pain. In October 2015, she complained of left knee pain with a duration of seven months. Left patellofemoral syndrome was noted. 

It remains unclear to the Board whether the Veteran indeed has a current disability characterized by pain in the knees. Upon remand, the examiner is requested to denote any current diagnoses related to the knees and provide an opinion as to the etiology of any knee disability, to include discussion of whether it is secondary to the Veteran's service-connected low back disability. 

Right ankle and foot conditions

The Veteran contends that she is entitled to service connection for right ankle and foot disabilities, to include as secondary to her service-connected low back disability.

Service treatment records are silent as to right ankle or foot complaint or injury. Similarly, post-service VA treatment records are absent of complaint or treatment for a right ankle or foot condition. Upon VA examination in December 2013, the Veteran was diagnosed with bilateral ankle strain and bilateral hallux valgus.

The December 2013 VA examiner provided an opinion on the etiology of the left ankle condition; it does not appear that the right ankle was addressed. Similarly, the opinion given following examination of the feet appears to address only the left foot. Upon remand, the examiner is requested to provide an opinion on the etiology of the current right ankle strain and right foot hallux valgus, to include discussion of whether either condition is secondary to the Veteran's service-connected low back disability.

Left wrist condition

The Veteran contends that she is entitled to service connection for residuals of a left wrist sprain which occurred in service.

Service treatment records reflect that she was diagnosed with a left wrist sprain in December 1998. Post-service VA treatment records are absent of complaint or treatment for a left wrist condition. In April 2008, the Veteran underwent right wrist ganglion cyst excision. 

It remains unclear to the Board whether the Veteran has a current disability of the left wrist. The January 2014 supplemental statement of the case references a December 2013 VA wrist examination; however, the examination report of that date contained in VBMS does not address the wrists. Upon remand, the examiner is requested to identifyany current diagnoses related to the left wrist and provide an opinion as to the etiology of any left wrist condition.

As this case must be remanded for the foregoing reasons, any recent treatment records, including VA records, should also be obtained. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992).

Accordingly, the case is REMANDED for the following action:

1. Contact the appropriate VA Medical Center(s) and obtain and associate with the claims file all outstanding records of treatment for the Veteran.

2. Contact the Veteran and afford her the opportunity to identify any relevant medical records by name, address, and dates of treatment or examination for her bilateral knees, right ankle, right foot, or left wrist. Subsequently, and after securing the proper authorizations where necessary, obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the claims file.

3. If any treatment records, either VA or non-VA, cannot be obtained after reasonable efforts, issue a formal determination documented in the claims file that such records do not exist or that further efforts to obtain such records would be futile. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, per 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. 
§ 3.159(e).

4. Once any additional records are associated with the claims file, provide the file, to include a copy of this REMAND, to a VA examiner for an addendum opinion as to the etiology of any bilateral knee conditions, right ankle condition, right foot condition, and left wrist condition. The need for another examination is left to the discretion of the medical professional offering the addendum opinion. 

The examiner is asked to review all pertinent records and evidence associated with the claims file and address the following:

a) Based upon a review of the claims file, the particulars of her medical history, and examination of the Veteran if deemed necessary, please identify whether she has a current or previous diagnosis related to her bilateral knees for the period of October 2007 to present.

b) For any diagnosed knee condition present during the pendency of the claim, please opine as to whether it is at least as likely as not (i.e., probability greater than 50 percent) that the diagnosed condition is etiologically related to the Veteran's active duty service?

c) For the diagnosed right ankle strain, please opine as to whether it is at least as likely as not (i.e., probability greater than 50 percent)that the diagnosed condition is etiologically related to the Veteran's active duty service?

d) For the diagnosed right foot hallux valgus, please opine as to whether it is at least as likely as not (i.e., probability greater than 50 percent) that the diagnosed condition is etiologically related to the Veteran's active duty service?

e) For any diagnosed knee disability, the right ankle strain, and the right foot hallux valgus, please opine as to whether it is at least as likely as not (i.e., probability greater than 50 percent) that the diagnosed conditions are either proximately due to or permanently aggravated by the Veteran's service-connected low back disabilities. ("Aggravated" contemplates a permanent worsening of the condition above and beyond its natural progression.) If aggravation is found, the examiner should also state, to the extent possible, the baseline level of each condition prior to aggravation. This may be ascertained by the medical evidence of record and also by the Veteran's statements as to the nature, severity, and frequency of her observable symptoms over time.

f) Based upon a review of the claims file, the particulars of her medical history, and examination of the Veteran if deemed necessary, please identify whether she has a current or previous diagnosis related to her left wrist for the period of December 2007 to present.

g) For any diagnosed left wrist condition present during the pendency of the claim, please opine as to whether it is at least as likely as not (i.e., probability greater than 50 percent) that the diagnosed condition is etiologically related to the Veteran's active duty service?
 
5. Review the examination report(s) to ensure complete compliance with the directives of this REMAND. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268 (1998).

6. After completing the above and any other development deemed necessary, readjudicate the Veteran's claims for service connection for bilateral knee conditions, right ankle condition, right foot condition, and left wrist condition. If the benefits sought on appeal are not granted to the Veteran's satisfaction, she and her representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response before the matter is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs